UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 2:06-CR-237 |
| ) | |
| BRYANT LOVE, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

This matter comes before the Court on Defendant Bryant Love's Motion to Withdraw Guilty Plea [DE 129]. Because the Court finds that Love has not provided a "fair and just reason" for withdrawal of his guilty plea, his motion is denied.

**BACKGROUND**

Love entered into a plea agreement with the government on March 31, 2008, pleading guilty to count 1 of the indictment which charged him with distributing crack cocaine. The plea agreement included a waiver of Love's rights to appeal or contest his conviction and sentence, "including any appeal under Title 18, United States Code, Section 3742 or any other post-conviction proceeding, including but not limited to, a proceeding under Title 28, Unites States Code, Section 2255." Plea Agreement [DE 82] at ¶ 7(d).

I held a change of plea hearing on April 2, 2008. At this hearing, Love appeared with counsel, Ray Szarmach, and answered several questions regarding the voluntary nature of the plea and his understanding of the consequences of the plea. During the plea colloquy Love stated that he had a full opportunity to discuss the case and the charges in the indictment with Mr. Szarmach. Change of Plea Hr. Tr. [DE 134] at 7. Love stated he was fully satisfied with the

counsel, representation, and the advice given to him by Mr. Szarmach, and that his attorney was fully able to answer any question he may have had about the meaning of any of the terms or phrases in the plea agreement. *Id*. at 7, 9.

I then discussed the portion of the plea agreement dealing with his waiver of appellate rights and rights to raise post-conviction challenges. I told Love that under the terms of the plea agreement, that he was expressly waiving – meaning he was giving up – his right to appeal any decision that I made to a higher court. *Id*. at 14. Unlike some plea hearings, Love was not a passive participant. He asked questions during the hearing when he was unsure about what I was explaining to him. In particular, as it relates to the appeal waiver, Love asked if the waiver applied to subsequent changes in the law, such as a re-modification of the crack cocaine sentencing guidelines. In response, I said, "[w]hat this is getting at is a situation like, let's say, we go to sentencing in this case, and I do something that is completely surprising to you and makes you really unhappy. Let's say I give you 20 years in prison? . . . You're going to be stuck with that. You're not going to be able to appeal it to a higher court." Change of Plea Hr. Tr. [DE 134] at 14, 15. Love indicated that he understood but then asked whether he had "to accept this and except [sic] the whole plea?" *Id*. at 15. I responded that it was all or nothing because that was the "deal you've struck with the government." Love responded that he understood. *Id*. I then followed up by asking him if he was "okay with that?" And he said that he was. *Id*.

Next, I identified the right of collateral attack, provided an example of such an attack, and informed Love that he was waiving it in addition to his right to appeal. *Id*. at 15, 16. The Court concluded this section of the colloquy with the following summary: "These are important rights. So, let me ask you, are you giving up the right to appeal and your right to collaterally

2

attack these proceedings, are you doing that knowingly and voluntarily?" *Id*. at 16. To which Love answered, "Yes, sir, I am." *Id*.

I then proceeded through the rest of the change of plea hearing, during which Love confirmed that he fully understood and was in agreement with the terms of the plea agreement, that no one had made promises to him other than the promises set forth in the agreement, and that he was pleading guilty because he was in fact guilty. *Id*. at 16, 17, 22. Based on Defendant's answers and demeanor, I found that Defendant voluntarily entered into the plea. *Id*. at 25. ("It is the finding of the Court in the case of United States versus Brian [sic] Love that the Defendant is fully competent and capable of entering an informed plea, he is aware of the nature of the charges and the consequences of the plea, and the plea of guilty is a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense."). I then accepted the plea of guilty to count 1 and reserved acceptance of the plea agreement pending my review of the Presentence Investigation Report. *Id*. at 25, 26.

On March 17, 2009, I received a handwritten letter from Love indicating that he wished to withdraw his plea. [DE 129]. I construed this as a motion to withdraw, and ordered the Government to respond. [DE 130]. Specifically, he claims that his lawyer did not tell him that the plea agreement addressed his post-conviction rights to challenge the proceeding and that he would not have entered the plea agreement if he understood he was waiving those rights.

## DISCUSSION

Federal Rule of Criminal Procedure 11(d)(2)(B) requires that a defendant provide "a fair and just reason for requesting the withdrawal" of his guilty plea that has already been accepted

3

by the Court. Fed. R. Crim. P. 11(d)(2)(B). This rule and principles of due process "require that a defendant's guilty plea be voluntarily (i.e., not induced by threats or promises of any kind) and knowingly made." *United States v. Ranum*, 96 F.3d 1020, 1024 (7th Cir. 1996). Nevertheless, once a court accepts a defendant's plea as voluntarily and knowingly given, there is a high bar to satisfy the requirements of a "fair and just reason." *See United States v. Cieslowski*, 410 F.3d 353, 358 (7th Cir. 2005) ("[W]hen 'a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was given freely and knowingly, he faces an uphill battle in persuading the judge that his purported reason is fair and just.'") (citation omitted).

Several factors go into determining whether the plea of guilty was entered knowingly and voluntarily. "The validity of the Rule 11 colloquy is based on the totality of the circumstances, including such factors as the complexity of the charge, the defendant's level of intelligence, age and education, whether the defendant was represented by counsel, the judge's inquiry during the plea hearing and the defendant's statements, as well as evidence proffered by the government." *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) (citation and internal quotations omitted).

Defendant's contention is that he did not knowingly and intelligently plead guilty because his counsel only informed him that he was waiving his right to appeal but did not inform him of his rights of collateral attack and habeas relief given up by entering into the plea agreement. Motion [DE 129] at 1. However, even if Love's attorney did neglect to fully educate him as to those ramifications of his plea agreement, that mistake would have been cured by the Rule 11 colloquy held during his change of plea hearing. In fact, the portion of the colloquy addressing the waiver of his rights to post-sentence challenges was particularly thorough. Love

4

demonstrated himself to be highly engaged and attentive, even asking his own questions so as to prompt the Court to flesh out the details of his waiver. Love's questions were specific and targeted, and together with his demeanor during this dialogue, he signaled that he fully understood the consequences of his waiver as opposed to being in a state of confusion about them. The subject of post-conviction appeals and collateral attacks explicitly came up, and Love said that he understood he was giving up those rights. His contention now that he is surprised to have learned that he waived those rights is difficult to swallow.

Love's sworn statements that he understood the waiver of his appellate and post-conviction rights are entitled to a "presumption of verity[,]" as the Court must be able to rely on such statements when determining Defendant's understanding and voluntariness of the plea. *United States v. Loutos*, 383 F.3d 615, 619 (7th Cir. 2004) ("The purpose of a Rule 11 colloquy is to expose coercion or mistake, and the district judge must be able to rely on the defendant's sworn testimony at that hearing. Representations and admissions made by a defendant in a plea agreement and during a change of plea hearing are therefore entitled to 'a presumption of verity.'") (citation omitted); *see also United States v. Nash*, 29 F.3d 1195, 1199 (7th Cir. 1994) ("'[V]oluntary responses made by a defendant under oath before an examining judge [are] binding.") (citation omitted).

The rest of the change of plea hearing further supports the finding that Love's plea was knowing and voluntarily, since he credibly stated that he understood the Government's allegations against him, that he hadn't been influenced by any promises outside of the plea agreement, that he is bound by the Court's sentence and not by any recommendations of the Government, and that his sentence may exceed any estimates made by his lawyer. *Id*. at 14-19.

5

He stated that he was pleading guilty because he was in fact guilty, was able to relate details of his offense, and agreed with the Government's recitation of further facts supporting his guilty plea. *Id*. at 18, 22-25.

None of the other circumstances surrounding Love's plea of guilty provide cause to allow him to disavow his sworn statements. The charged offense, distribution of crack cocaine, is relatively straightforward. He is 32 years old and received at least some college education. Change of Plea Hr. Tr. [DE 134] at 6. His responses during the change of plea hearing and his well-articulated written motion show that he has more than a high enough intelligence level to comprehend both the plea agreement and the Rule 11 colloquy explaining that agreement. In addition, he indicated at the hearing that he had the opportunity to fully discuss the plea agreement's content with his attorney before he signed it, and that his lawyer was able to answer any question he had about the meaning of the agreement's terms and phrases. *Id*. at 8, 9. The totality of circumstances call for a finding that his plea of guilty was both knowing and voluntary. *See Loutos*, 383 F.3d at 619 (examining the totality of circumstances to determine that, despite the district court's omission of a warning regarding the defendant's waiver of collateral attack rights, his plea was knowing and voluntary).

In sum, I found that Love knowingly and voluntarily entered a guilty plea. And I have no question in my mind that this is the case. Indeed, it's more than a year later and I have specific recall of this plea hearing because Love was unusually engaged in the process – and this is confirmed by the transcript of the proceedings. Based on my recall of the hearing and the transcript of the proceedings, there is simply no question that Love knowingly and voluntarily made an informed plea of guilty.

## CONCLUSION

For the aforementioned reasons, Defendant Love's Motion to Withdraw Guilty Plea [DE 129] is **DENIED**.

The Court re-confirms Defendant Love's sentencing set for June 10, 2009 at 9:30 A.M.

**SO ORDERED.**

ENTERED: April 15, 2009

s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT
